Tapia Lopez v. Bondi

BIA
Conroy, IJ
A037 631 340

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of August, two thousand twenty-five.

PRESENT:
RAYMOND J. LOHIER, JR.,
STEVEN J. MENASHI,
ALISON J. NATHAN,
*Circuit Judges.*

_____

LUIS MANUEL TAPIA LOPEZ,
*Petitioner,*

v.                                                          **22-6418**
                                                            **NAC**

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

**FOR PETITIONER:** John H. Peng; Karen L. Murtagh, Executive Director, Prisoners' Legal Services of New York, Albany, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General, Civil Division; Sabatino F. Leo, Assistant Director; Colin J. Tucker, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Luis Manuel Tapia Lopez, a native and citizen of the Dominican Republic, seeks review of an August 25, 2022, decision of the BIA affirming an April 6, 2022, decision of an Immigration Judge ("IJ") denying deferral of removal under the Convention Against Torture ("CAT"). *In re Luis Manuel Tapia Lopez*, No. A037 631 340 (B.I.A. Aug. 25, 2022), *aff'g* No. A037 631 340 (Immigr. Ct. N.Y.C. Apr. 6, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

"When the BIA issues an opinion, the opinion becomes the basis for judicial review of the decision of which the alien is complaining." *Singh v. Bondi*, 139 F.4th 189, 196 (2d Cir. 2025) (quoting *Bhagtana v. Garland*, 93 F.4th 592, 593 (2d Cir. 2023)).

2

Nevertheless, "we have reviewed the opinions of both the IJ and the BIA 'for the sake of completeness.'" *Pan v. Holder*, 777 F.3d 540, 543 (2d Cir. 2015) (quoting *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008)). We review factual findings for substantial evidence and questions of law de novo. *See id.* "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). In this case, although Tapia Lopez frames his arguments as addressing questions of law, he essentially challenges factual findings that are subject to substantial evidence review. *See Xiao Ji Chen v. DOJ*, 471 F.3d 315, 330 (2d Cir. 2006)

A CAT applicant has the burden to establish that he will "more likely than not" be tortured by or with the acquiescence of government officials. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1); *Garcia-Aranda v. Garland*, 53 F.4th 752, 758-59 (2d Cir. 2022). To show that torture is "more likely than not," an applicant "must establish that there is greater than a fifty percent chance . . . that he will be tortured upon return to his . . . country of origin." *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 n.20 (2d Cir. 2003), *superseded by statute on other grounds*, 8 U.S.C. § 1252(a)(4). "[T]o constitute torture, an act must be specifically intended to inflict severe physical or mental pain or suffering" and the applicant "must provide *some*

3

evidence of specific intent, direct or circumstantial." *Pierre v. Gonzales*, 502 F.3d 109, 113, 119 (2d Cir. 2007) (quotation marks omitted); *see also id.* at 121 ("[E]ven suffering of the utmost severity cannot constitute torture unless it is specifically intended[.]").

Tapia Lopez argues that the agency erred in finding that he failed to establish a likelihood of torture because it erroneously declined to credit his expert's opinion that the Dominican government underfunds mental healthcare, mischaracterized evidence regarding his mental health, and found that the underfunding of mental healthcare resulted from discrimination and stigma thereby evidencing a specific intent to torture. We find no merit in these arguments.

First, contrary to Tapia Lopez's contention, the agency credited his expert's opinion that mental healthcare is underfunded in the Dominican Republic, despite noting that the specific amount allocated was outdated. *See* Certified Administrative Record ("CAR") at 88-89, 133. Second, the agency did not mischaracterize the record evidence in concluding that, although Tapia Lopez suffers from long-standing mental health issues, the issues that brought him to the attention of authorities in the United States resulted from substance abuse rather

4

than an ongoing condition. *Id.* at 431, 433, 983, 1013-14. Third, as the agency found, Tapia Lopez's evidence did not show that the Dominican Republic underfunds mental healthcare with the specific intent to torture individuals who require such care. *Cf. Pierre*, 502 F.3d at 121 (explaining that substandard prison conditions do not constitute torture unless they are "inflicted intentionally rather than as a result of poverty, neglect, or incompetence"). Rather, Tapia Lopez's evidence attributed substandard mental health care in the Dominican Republic to a variety of structural and economic conditions. *See* CAR 1059; *see also* Petitioner's Br. 31. Fourth, Tapia Lopez fails to challenge the agency's conclusion that it is "speculative at best" that Tapia Lopez will be incarcerated at all upon his return to the Dominican Republic, much less in a substandard prison. CAR 79; *see also Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment.") (quotation marks omitted).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5